IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KEVIN MILLER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:13CV32 |
| | § | |
| TEXOMA MEDICAL CENTER, INC. | § | |
| and UNIVERSAL HEALTH | § | |
| SERVICES, INC. | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pending before the Court is Defendants' Motion for Summary Judgment (Dkt. 24). As set forth below, the Court finds that it should be GRANTED.

**BACKGROUND**

Plaintiff Kevin Miller was employed as a respiratory therapist at Texoma Medical Center, Inc. In his complaint, Plaintiff alleges a single violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq*. Plaintiff alleges that he was regularly scheduled to work 40 or more hours in a work week at the hospital. *See* Dkt. 1. Plaintiff further argues that, in addition to his regularly scheduled work at the hospital, he was required to be on call when he was not at the hospital, that he regularly received calls from the hospital, and that he was required to respond to those calls and perform work related to them but was not compensated for that time.

Plaintiff alleges that his employer violated Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. *See* Dkt. 1 at ¶18. Plaintiff originally named two Defendants in this action, Defendant Texoma Medical Center, Inc. ("TMC"), a full-service hospital located in Dennison, Texas and Defendant Universal Health Services, Inc. ("UHS"), which owns and operates TMC. On November 3, 2014, based on the agreement of the parties, the Court dismissed the claims against UHS with prejudice, rendering moot any summary judgment arguments as to Defendant UHS. *See* Dkt. 31.

In the pending motion for summary judgment, Defendant TMC argues that Plaintiff's off-the-clock claims fail as a matter of law because Plaintiff cannot prove the amount and extent of the time for which he was allegedly not compensated, Plaintiff cannot show that TMC knew about his off-the-clock work, and Plaintiff cannot prove his alleged off-the-clock work as a matter of just and reasonable inference.

Plaintiff responds that an employer armed with knowledge that an employee has performed uncompensated overtime has recording duties under the FLSA and that the employer's FLSA obligations are triggered here. Plaintiff argues that Defendant required him to work off-the-clock, that Defendant otherwise had actual knowledge of his off-the-clock duties, and that Defendant failed to record his off-the-clock time. Plaintiff argues that he should not be further penalized for Defendant's failures and should receive compensation based on his proper estimates of time worked.

The Court addresses the record before it.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir.

1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

**EVIDENCE PRESENTED**

In support of its motion, Defendant TMC submits the following evidence (1) Declaration of William Terry Heinzmann; (2) Deposition Transcript excerpts of William Heinzmann; (3) Human Resources Status Form; (4) Deposition Transcript excerpts of Kevin Miller; (5) Call Back Pay Policy; (6) Texoma Medical Center Employee Handbook; (7) Miller's Acknowledgment of Employee Handbook; (8) Compensation for Hours of Work Policy; (9) Working from Home Policy; (10) Miller's Payroll records; and (11) Letter of Resignation dated May 25, 2012. Dkt. 24-2 – 24-12.

In response to the motion for summary judgment, Plaintiff attaches the following evidence: (1) Exhibit A: Defendant's "On Call" Policy; (2) Exhibit B: "a portion of [Plaintiff's] documented time;" (3) Exhibit C: Plaintiff work history/curriculum vitae; (4) Exhibit D: Plaintiff's cell phone records; (5) Exhibit E: Defendant's "Telecommuting Program;" (6) Exhibit F: Defendant's "Hours of Work and Compensation;" (7) Exhibit G: Miller Deposition Excerpts;[1] and (8) Exhibit H:

---

[1] TMC also attaches additional deposition excerpts in support of its summary judgment reply. *See* Dkt. 32-1.

Heinzmann Deposition Excerpts. Dkt. 27-1– 28-8.

**ANALYSIS**

The Court has reviewed the summary judgment record and finds that Plaintiff has failed to raise a genuine issue of material fact as to whether Defendant failed to compensate him for overtime work. Primarily, Plaintiff has failed to establish a *prima facie* case under the FLSA. An employee bringing an action for unpaid overtime compensation must first demonstrate by a preponderance of the evidence: (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due. *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

"An employee bringing an action pursuant to the FLSA, based on unpaid overtime compensation, must first demonstrate that [he] has performed work for which [he] alleges [he] was not compensated." *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441-42 (5th Cir. 2005) (*citing Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680, 687-88, 66 S. Ct. 1187, 90 L .Ed. 1515 (1946)) (affirming grant of summary judgment for employer defendant where the plaintiff offered no factual allegations at all to substantiate her claim, presented no evidence of the amount or the extent of hours she worked without compensation, and presented no evidence that her employer was aware that she worked overtime hours without compensation). *See also Von Friewalde v. Boeing Aerospace Operations, Inc.*, 339 Fed. App'x 448, 455 (5th Cir. 2009). Once a plaintiff demonstrates the existence of actual damages, he has the burden to introduce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."

*Ihegword v. Harris County Hosp. Dist.*, 555 Fed. App'x 372, 374 (5th Cir. Tex. 2014).

First, the Court looks to whether there is competent summary judgment evidence that Plaintiff performed work for which he was not compensated as a TMC employee. As explained by the Fifth Circuit:

> [A]n employee must prove that he was "employed" during the time for which he seeks overtime compensation, which requires a showing that the employer had either actual or constructive knowledge that he was working overtime. *Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995). Constructive knowledge exists if by "exercising reasonable diligence" an employer would become aware that an employee is working overtime. *Brennan v. Gen. Motors Acceptance Corp.*, 482 F.2d 825, 827 (5th Cir. 1973). "'An employer who is armed with [knowledge that an employee is working overtime] cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee does not make a claim for the overtime compensation.'" *Newton*, 47 F.3d at 748 (alteration in original) (quoting *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981)); *see also* 29 C.F.R. § 785.11 ("Work not requested but suffered or permitted is work time."). However, if the "'employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of § 207.'" *Newton*, 47 F.3d at 748 (quoting *Forrester*, 646 F.2d at 414); *see also Harvill*, 433 F.3d at 441.

*Von Friewalde*, 339 Fed. App'x at 455.

According to the Declaration of William Terry Heinzmann, TMC's Human Resources Director, as Supervisor of Respiratory Therapy, Plaintiff was paid $32.00 per hour, was required to work on-call, and received an on-call rate of $1.75 per hour for every hour he was on call. Dkt. 24-2 at 1-2. Heinzmann also states that if Plaintiff was called in, he automatically received at least two hours of pay at his normal hourly rate of pay, regardless of whether he actually worked the full two hours after being called in and that if Plaintiff was called in and he worked over two hours, he received pay at his normal hourly rate. *Id.* Further, according to Heinzmann, for hours worked in

6

excess of 40 in a workweek, Plaintiff received $48.00 per hour. It his deposition, Heinzmann further testified that the time clock system at the hospital calculates these pay rates when an employee clocks in and clocks out. Dkt. 24-3 at 8.

In response, Plaintiff cites to testimony that he was discouraged from reporting his time by the facial expressions, heavy sighing and "stuff" of Donna Carter, TMC's timekeeper. Dkt. 24-5 at 6; 14. In his deposition, however, Plaintiff also conceded that Carter "never outright refused to" correct his time record and "would take any requests that I would give her." Dkt. 24-5 at 6. In his deposition, Plaintiff also conceded that, although he "made every attempt to report that time to them," he "didn't go back in and look to make sure every time and itemize it that she had done what [he] had requested that she do." Dkt. 24-5 at 7. Plaintiff also conceded that he was able to review and correct his own time. Dkt. 24-5 at 13; 15-16. But, Plaintiff testified that he never really understood how to look at his electronic pay stubs to review the time for which he was compensated. Dkt. 24-5 at 5. Given Plaintiff's testimony regarding his reporting of his time and the mechanisms in place for him to do so, the Court finds that there is no fact issue regarding Plaintiff's claims that TMC did not meet its recordkeeping obligations.

At his deposition, Plaintiff testified that he is not alleging that he was not paid for time he worked at the hospital and that his time records accurately reflected the time he worked at the facility. Dkt. 24-5 at 10 - 11; 18. Plaintiff testified that "I always complained that I didn't feel like that I was being *paid enough* for the duties and responsibilities they were making me do." Dkt. 24-5 at 22 (emphasis added).

The Court finds that this does not create a fact issue as to any unpaid overtime pay. This is simply evidence of an employee who is dissatisfied with the amount of his wages.

The gravamen of Plaintiff's complaint thus appears to be the requirement that he be "on call" and for the work he claims he was asked to do off-the-clock from home. Although Plaintiff testified that he sensed from his supervisor Madeline Clark's body expressions that "she was wanting me to be on call without pay," he then testified that she told him there was a call pay. Dkt. 24-5 at 19.

In his summary judgment response, Plaintiff cites to his deposition testimony to show the overtime work he performed at home. According to Plaintiff, he would print out emails at the office and then read them at home because he was too busy during the day to read them. Dkt. 27-7. Plaintiff also testified that he worked on updating approximately 100 hospital policies for the Respiratory Therapy Policy and Procedure Manual for a period of approximately 45 days every night after work. Dkt. 27-7 at 42-46. Plaintiff testified that the task of updating the policies was given to him by Madeline Clark, who said he could work on them from home and knew that he was working from home because he sent emails to her and others about the work. Dkt. 27-7 at 48-49. Plaintiff testified that he worked almost every night for a 45-day period up to 5 hours per night at home on the policy updates. Dkt. 27-7 at 47-49. He explained that he did this work at home in part because he needed "quiet time," "did not have a good work area at the hospital" and was often interrupted there. Dkt. 27-7 at 46.

Although Plaintiff testified that he "knew [Madeline Clark] was instructing [him] to do [the work on the policies] off the clock" and that it was his "understanding" that he wouldn't be paid extra for work done at home, he could not recall anyone telling him that he was not allowed to report

this time. Dkt. 27-7 at 54-55.

The Court finds that Plaintiff has failed to demonstrate a genuine issue of material fact regarding whether TMC knew that he was not reporting or being compensated for his off-the-clock or at-home work. Where there is no evidence to show that the employer should have known that the hours reported on an employee's time sheets were incorrect, the employee has not shown that the employer had constructive knowledge of any overtime worked or violated the FLSA by paying him only for the hours claimed on his time sheets. *Newton v. City of Henderson*, 47 F.3d 746, 749 (5th Cir. 1995) ("If we were to hold that the City had constructive knowledge that Newton was working overtime because Freeman had the ability to investigate whether or not Newton was truthfully filling out the City's payroll forms, we would essentially be stating that the City did not have the right to require an employee to adhere to its procedures for claiming overtime.").

In this case, in support of his summary judgment response, Plaintiff has cited to his understanding of Clark's wishes and her alleged awareness of his work at home on the hospital policies, as well as his perception of her body language that he should not claim certain on-call time as evidence of Defendant's knowledge. Even if the Court assumes that this testimony is true and viewing it in a light most favorable to Plaintiff, it is simply not enough to evidence a violation of the FLSA. There is no evidence that Defendant ever required Plaintiff to work hours for which Defendant determined he would not be compensated. And, there is nothing in the record to show that Defendant knew or should have known that Plaintiff was not reporting his overtime hours.

Indeed, the only evidence in the record – other than Plaintiff's deposition testimony regarding his "understanding of," or assumptions about, Defendant's position regarding his overtime pay – is

9

an email dated May 7, 2012 from Robert Burns stating that Plaintiff was no longer on administrative call after hours. The copy of the email in the summary judgment record has a handwritten notation on it that "Kevin" works 7:30-4, Monday through Friday. Dkt. 27-4 at 6. Even if this email shows that TMC management at some point became aware of Plaintiff's complaints regarding after-hours or at-home work, it does not create a fact issue regarding whether Plaintiff was compensated for any time about which he complained.[2] If anything, it could be construed as evidence that – contrary to Plaintiff's allegations – Defendant responded to his complaints about at-home work and sought to correct it.[3]

Moreover, the Court notes that even if Plaintiff could show that Defendant knew that he was not being compensated for time worked from home, there is insufficient summary judgment evidence that would show the actual time for which he claims he was not compensated. Defendant attaches a copy of Plaintiff's Payroll records, reflecting time worked included "ON CALL" and "OVT" pay. *See* Dkt. 24-11. Plaintiff has not offered any evidence to show how these time records to do not accurately reflect the time worked by him in a given pay period.

Indeed, none of Plaintiff's summary judgment evidence shows when and for how long he performed off-the-clock tasks for which he alleges he was not compensated. Plaintiff attaches to his

---

[2] The Court notes that, for these reasons, even if they were binding authority, the cases cited in Plaintiff's Supplemental Summary Judgment Response (*see* Dkt. 38) do not alter the Court's analysis.

[3] The Court notes that Plaintiff has cited to a portion of Heinzmann's deposition testimony regarding whether Burns should have made sure that Plaintiff was paid for any on-call or at-home administrative time. *See* Dkt. 27-8 at 3-5. The Court finds that such testimony fails to create a fact issue as to Plaintiff's FLSA claims since there is no evidence of the time worked or the time for which he was not compensated.

summary judgment response phone records he alleges evidence phone calls and text messages with TMC staff.[4] The Court finds that these do not demonstrate any fact issue. Plaintiff has not offered any evidence of the contents of the text messages or the subject of conversations, other than to testify that "any time I ever got a call after hours, I had to use a lot of intellectual thought process and determination, reviewing schedules, reviewing availability, and to try to figure out what – what – depending on what the problem was, that on a regular basis I was having to sit there in deep thought and try to figure out how to solve the problem." Dkt. 27-7 at 64. Moreover, even assuming they were work-related (as opposed to communications with co-workers of a personal nature), involved more than *de minimis* time, and were integral and indispensable to one of Plaintiff's principal work activities such that they would be compensable under the FLSA, *see Chambers v. Sears Roebuck and Co.*, 428 Fed. App'x 400, 421(5th Cir. 2011), Plaintiff has not shown that Defendant knew of the time or should have known of the time worked, nor has Plaintiff shown of the amount of time worked.

Plaintiff testified that after he complained about receiving calls at home he tracked his calls for Robert Burns for a few months, writing down what was talked about and turning them in. Dkt. 31-1 at 7-8. Plaintiff attaches a portion of his handwritten notes regarding his undocumented time. *See* Dkt. 27-2 at 1. Although some times are occasionally noted, the total time worked is not. Plaintiff testified that he did not record how much time he was spending because he "couldn't see doing extra recordkeeping when [he] had no anticipation for being paid for the extra work I did after

---

[4]Plaintiff does not submit copies of any of the emails he claims he wrote from home to his supervisors regarding the updates to the policies.

hours." Dkt. 32-1 at 9. He has not cited to any evidence that would show that Defendant or any of its representatives told him that he would not be paid for this work if he reported it. And, even assuming this is competent and admissible evidence, Plaintiff has also not shown which of the at-home activities noted such as "give new phone number," "ask about punching in", "report jury duty," "staffing issues,""ask employees to stay late", Dkt. 27-2 at 1, were "integral and indispensable to the principal activities that [Plaintiff was] employed to perform—and thus compensable under the FLSA...." *Integrity Staffing Solutions, Inc. v. Busk*, 135 S. Ct. 513, 519 (2014).

Plaintiff has failed to raise a genuine issue of material fact that any of his claimed off-the-clock communications are compensable under FLSA nor has he shown the hours worked with any specificity such that they evidence goes beyond mere conclusions. *See, e.g. Uhler v. Galesi Management Corp.*, 1999 WL 20949,*6 (N.D. Tex. 1999) (granting summary judgment for employer where evidence of "sporadic" time entries where plaintiff made "occasional recordation" of overtime worked and recorded departure times without arrival times was not enough to create fact issue as to FLSA overtime claim).

Even counsel for Defendant attempted to elicit testimony regarding the specific hours worked by Plaintiff during his approximate 45 days of at-home work on the department policies, and Plaintiff could not state the hours worked, only broadly estimating that it was sometimes more and sometimes less than 5 hours per day approprimately 90% of the approximate 45-day period. 27-7 at 47-49. Such conclusory allegations do not suffice in summary judgment proceedings.

At another point in the deposition, counsel again attempted to quantify the overtime claimed:

Q (BY MS. MIERS) You don't know how many hours you actually worked off the clock on any given day during your employment, right?

A    No, ma'am.

Dkt. 24-5 at 33. "[A]n unsubstantiated and speculative estimate of uncompensated overtime does not constitute evidence sufficient to show the amount and extent of that work as a matter of just and reasonable inference." *Ihegword v. Harris Cnty. Hosp. Dist.*, 555 F. App'x 372, 375 (5th Cir. 2014) (affirming grant of summary judgment in favor of employer on a plaintiff's FLSA claim) (internal citations omitted).

Plaintiff has not shown – as he is required to do – sufficient evidence of either the existence of damages or any "just and reasonable inference" of the amount of damages. *Ihegword v. Harris County Hosp. Dist.*, 555 Fed. App'x 372, 374 (5th Cir. Tex. 2014). There is no evidence that Plaintiff was instructed to not record his time or prevented from reporting his time or was directed by Defendant to work off-the-clock without reporting that time. Without any evidence of the amount or the extent of hours Plaintiff worked without compensation or any evidence that Defendant was aware that she worked overtime hours without compensation, Plaintiff has failed to raise a genuine issue of material fact as to whether she went uncompensated for overtime work and he shall take nothing by his FLSA claim. *Harvill v. Westward Communications, L.L.C.,* 433 F.3d 428, 441 (5th Cir. 2005) (affirming grant of summary judgment for employer on FLSA claim where employee had no evidence of overtime worked).

Defendants' Motion for Summary Judgment (Dkt. 24) is GRANTED, and Plaintiff shall take nothing by his claims herein.

**SO ORDERED.**

**SIGNED this 21st day of September, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE